Shauck, J.
It is accepted as a result of Hull et al. v. Bell Bros. & Co., 54 Ohio St., 228, that the plaintiff in error, being dissatisfied with the judgment of the court of common pleas and desiring to appeal its cause to the circuit court for a trial de novo, was not required to determine at its peril that the cause was appealable; but that it might concurrently prosecute error and appeal, the proceeding in error to be retained by the circuit court until the question of the appealability of the case should be affirmatively determined and then to be dismissed. Such was obviously the view taken by the circuit court, when, after overruling the motion to dismiss the appeal of the plaintiff in error, it dismissed its petition in error. It seems to be worth while to observe in this connection that the jurisdiction of the circuit court over the subject-matter of the controversy between these parties was undoubted. The doubt concerns the method of invoking that jurisdiction. Had the parties all entered, without objection, upon the •trial of the cause upon the appeal, the question of the appealability of the case could not have been thereafter raised, for the case would not fall within the established rule that consent cannot give jurisdiction over the subject-matter where that does not actually exist. But the defendants in error here challenged the propriety of that mode of resorting to the jurisdiction of the circuit court by moving to dismiss the appeal. Their motion being overruled, they took an exception which preserves that question in the record. A petition in error being prosecuted here at a proper time, the ruling of the circuit court on the motion to dismiss the appeal would be subject to reversal by this court when it would be *239 too late to institute a proceeding in error in the circuit court for the reversal of the judgment of the court of common pleas. Such a petition in error is not now before us, nor could it be availingly prosecuted here until a trial of the appeal in the circuit court should result in a judgment more favorable to the appellant than was that of the court of common pleas. The appellant evidently not satisfied that such a fate may not await its appeal, and desiring to poll this court upon that question, files its petition in error here praying for the reversal of the circuit court’s order dismissing its petition in error, but arguing that the order for whose reversal it prays should be affirmed, and the affirmance be placed upon the ground that the appeal, being properly taken, was effective to suspend the judgment of the court of common pleas. Counsel for the defendant in error concur in the view that the question of the appealability of the case is thus presented to us for determination, but they argue that the circuit court erred in overruling the motion to dismiss the appeal and in dismissing the petition in error.
The question does not seem difficult if the statutory provisions affecting it are accepted at their obvious meaning. The appeal was taken under Section 5226, Revised Statutes, which defines the characteristics of a case which may be appealed from the common pleas court to the circuit court. According to its plain requirement the case must be a civil action, it must be within the original jurisdiction of the court of common pleas and the right to demand a jury must not exist. The absence of any one of these three characteristics excludes the case from the category of caseg which *240 may be appealed for a trial de novo. It is admitted that the first and second of these characteristics are present. The presence of the third is denied. Whether it is present or not will be ascertained by applying to the issues presented, the provisions of Section 5130, Revised Statutes, which defines the cases in which a jury may be demanded: “Issues of fact arising in actions for the recovery of money only, or specific, real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided.” By this section the legislature has exercised the power vested in it by the constitution to extend the right of trial by jury to cases which were not so triable at the time of the adoption of that instrument. It is now only approximately correct to say that all equitable actions are appealable. This section in its application to many cases ignores the distinction between actions at law and suits in equity, and extends the right of trial by jury to all actions for the recovery of money only, although the principles upon which a recovery may be had are equitable in their nature and origin, as in actions to enforce liability under the equitable doctrines of contribution and subrogation. It does not, however, extend the right of trial by jury to cases calling for any form of relief peculiar to courts of equity. When the action is for the recovery of money, and no equitable relief is sought, it is an action for money only.
The consideration definitely urged here is, that the legal remedy is inadequate because in the multitude of parties and questions and controverted items of account, there arose such complexity that it was.|iot practicable for the case to be tried and *241 determined by a jury. If both parties were of that opinion it was competent for them to waive a jury, as they did in the court of common pleas, or they might have consented to a reference pursuant to the provisions of the code. But it is obvious that the view thus urged, no form of equitable relief being sought, is but an adverse criticism of the general assembly for enacting Section 5id0- That view derives much support from the point decided, and from the language of the opinion in Black, Receiver, v. Boyd, 50 Ohio St., 46. The right to appeal was sustained in that case, although it was for the purpose of recovering a judgment for the balance upon an account between a bank and its depositor, the account having run for ten years, and containing so many disputed items that the parties alleged their inability to arrive at a settlement. The cases are identical with respect to the considerations in hand, and what is said of the present case may be applied to that. No relation of parties appears, which would authorize a court of equity to compel one party to exhibit an account for the information of the court and his adversary, as in the case of partners or trustees. What is said upon the subject of accounting in equity is not pertinent to either case, because the relations which would authorize a court of equity to require such an accounting do not exist. Here the parties dealt on equal terms, and either believing the other to be indebted to him, might have recourse to an action at law for the recovery of the amount of such indebtedness, resorting to the entire field of legal evidence to support his allegations, that is, being obliged to adduce such evidence as was adduced in the present case. If the case should be *242 tried de novo in the circuit court upon the issues now joined, it would be upon such evidence as is contained in the bill of exceptions there filed with the petition in error, and that is the evidence which would have been submitted to a jury in the court of common pleas in the present case if trial by jury had not been waived. These cases, involving no equitable relief, distinguish themselves from the many cases cited in which courts of equity have rendered judgments for money to enforce obligations resulting from the awarding of equitable relief in the same cases. Further exposition of thé subject would not be profitable for the question calls for nothing more than an application of what this court has already said in Ladd v. James et al., 10 Ohio St., 437; Dunn & Witt v. Kanmacher & Stark et al., 26 Ohio St., 498; Chapman v. Lee, 45 Ohio St., 356; Gunsaullus, Admr., v. Pettit, Admr., 46 Ohio St., 27; Bricker v. Elliott, Admr., 55 Ohio St., 577, and Lange v. Lange et al., 69 Ohio St., 346. Attention to the language of the statute and to the points decided in these cases makes it clear that an action for money is an action for money only unless a recovery is to be aided by the exercise of the powers of a court of chancery to be indicated, not by what the judge may think, but what the case requires him to decree.
Since the publication of the report of Black v. Boyd, it has been often and vainly studied by lawyers and courts seeking some rule by which to determine the number of items in an account which is the basis of an action • for money only, which will engraft an exception upon a statute which confers the right of trial by jury in all such cases without any exception whatever. It has *243 been found impossible to deduce such a rule from the decision or to reconcile the case with the statute or the other decisions under it. The case is overruled.

Judgment reversed.

Price, C. J., Crew, Summers, Spear and Davis, JJ., concur.